UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SYED NAZIM ALI,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CISCO SYSTEMS, INC.,<br><br>　　　　Defendant. | Case No: C 18-4946 SBA<br><br>**ORDER PARTIALLY GRANTING DEFENDANT'S MOTION TO DISMISS AS TO PLAINTIFF'S FEDERAL CLAIMS AND REMANDING STATE LAW CLAIMS**<br><br>Dkt. 13 |

　　　　Plaintiff Syed Nazim Ali, acting pro se, brings the instant action against Defendant Cisco Systems ("Defendant" or "Cisco"), alleging various federal claims for age discrimination under the Age Discrimination in Employment Act ("ADEA"); and race, national origin and religious discrimination claims under Title VII of the Civil Rights Act of 1964 ("Title VII"). He also alleges various state law causes of action. Pursuant to 28 U.S.C. § 1441(c), Cisco removed the action from state court based on the presence of federal question claims in the Complaint.

　　　　The parties are presently before the Court on Defendant's Motion to Dismiss and Motion to Strike, pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(f), respectively. Dkt. 13. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion to dismiss as to Plaintiff's federal claims. The Court declines to exercise supplemental jurisdiction over the remaining state law claims, which shall be REMANDED to the Santa Clara County Superior Court. Defendant's Rule 12(f) motion to strike Plaintiff's request for punitive damages and motion to dismiss the state law claims are DENIED as moot.[1]

---

[1] The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

Plaintiff is a Pakistani individual over the age of forty. Compl. ¶¶ 6, 14-16. On April 3, 2017, Plaintiff applied for seven positions at Cisco but was not hired. Id. ¶¶ 10, 11. Plaintiff alleges that Cisco discriminated against him because: (1) he is from Pakistan; (2) he is over 40 years old; and (3) of his race. The Complaint does not allege any facts to support these claims other than asserting that Cisco "has a preference for people who are of the [sic] South Indians [sic] and Indians [sic] descent who are in management and clearly retaliated and discriminated against Ali due to his race, national origin, and religion." Id. ¶ 23.

On June 15, 2017, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Id. ¶ 32 & Ex. A. On the form complaint, he checked the boxes for discrimination based on race, religion, national origin and for retaliation; he did not check the box for age discrimination. Huibonhoa Decl. Ex. 1, Dkt. 13-2.[2] In the accompanying supporting statement, Plaintiff alleged that he had applied for seven different positions at Cisco but was not hired. He claimed, as he does in the instant Complaint, that the individuals with hiring authority for these positions are "South Indian or Indian" and that the jobs for which he applied "are offered to one protected class (South Indian or Indian)." Id. at 7. The EEOC issued a right to sue letter on or about June 29, 2017. Id. at 8.

On July 27, 2018, Plaintiff filed suit against Cisco in the Santa Clara County Superior Court. The Complaint alleges seven causes of action, as follows: (1) race

---

[2] Although the Complaint purports to attach a copy of Plaintiff's EEOC charge, the exhibit appears to be a copy of the right to sue letter from the California Department of Fair Employment and Housing. Compl. ¶ 32 Ex. A. Defendant, however, has provided a copy of Plaintiff's EEOC charge and supporting statement and the right to sue letter, which are attached as Exhibit 1 to the Declaration of Katherine Huibonhoa. Dkt. 132 Ex. 1. The Court may take judicial notice of these documents, as their contents are referenced in the pleadings. See Dunn v. Castro, 621 F.3d 1196, 1204 n.6 (9th Cir. 2010) (noting that under the "incorporation by reference" doctrine, the court "may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading"). Alternatively, the Court may consider the documents as evidence in connection with Cisco's jurisdictional challenge to the ADEA claim. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

**1** discrimination under the California Fair Employment and Housing Act ("FEHA"); (2) age
**2** discrimination under the ADEA; (3) national origin discrimination under Title VII; (4) race
**3** discrimination under Title VII; (5) religious discrimination under Title VII; (6) retaliation
**4** under FEHA; and (7) intentional infliction of emotional distress ("IIED").[3]

Cisco now moves to dismiss all claims alleged in the Complaint. First, Cisco contends that Plaintiff failed to exhaust his age discrimination claim and that the limitations period within which to file such a charge with the EEOC has lapsed. Second, Cisco argues that all of Plaintiff's Title VII claims (race, national origin and religious discrimination) are time-barred, based on his failure to timely file suit after receiving a right to sue letter. Third, Cisco asserts that the Complaint fails to allege sufficient facts with respect to any of his claims. Finally, Cisco moves to strike Plaintiff's request for punitive damages. Plaintiff has filed an opposition to the motion and Cisco has filed a reply thereto.[4]

## II. LEGAL STANDARD

Rule 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the

---

[3] Plaintiff has filed virtually identical failure-to-hire lawsuits in Santa Clara County Superior Court against Amazon, Apple, Intel Corporation and Silicon Valley Bank. See Def.'s Req. for Jud. Not. Exs. A-D.

[4] In his opposition brief, Plaintiff requests that the Court take judicial notice of news articles regarding alleged discrimination against Muslims by employers in the Silicon Valley. Setting aside whether the factual assertions in these articles are subject to judicial notice, the content of articles has no bearing on the material issues presented by Cisco's motion. Therefore, the request for judicial notice is denied.

light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007).

In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). A pleading filed by a pro se plaintiff must be liberally construed. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). Where the complaint is dismissed, "[a] pro se litigant is entitled to an opportunity to amend '[u]nless it is absolutely clear that no amendment can cure the defect.'" Walker v. Beard, 789 F.3d 1125, 1139 (9th Cir. 2015) (citation omitted).

Under Rule 12(b)(1), a complaint may be dismissed for lack of subject matter jurisdiction. "A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014). In the case of a "speaking" motion, the court is not restricted to the face of the pleadings and "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy, 850 F.2d at 560.

### III. DISCUSSION

#### A. ADEA

The ADEA prohibits discrimination against individuals who are forty years of age or older. 29 U.S.C. §§ 623(a)(1), 631(a). As a prerequisite to filing suit under the ADEA, an aggrieved employee must submit an administrative complaint with the EEOC. 29 U.S.C. § 626(d). The charge must be filed within 180 of the act of alleged discrimination, or

within 300 days of the discriminatory action if the state involved has an agency authorized to investigate age discrimination. 29 U.S.C. §§ 626(d)(1), (d)(2), 633(b).[5] "No civil action may be commenced ... until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission." 29 U.S.C. § 626(d)(1). Substantial compliance with the exhaustion requirement is a "jurisdictional prerequisite" to bringing a discrimination claim in federal court. Sommatino v. United States, 255 F.3d 704, 708 (9th Cir. 2001) (noting that the jurisdictional scope of a lawsuit "depends upon the scope of both the EEOC charge and the EEOC investigation") (internal quotations and citation omitted). A civil action asserting claims pursuant to the ADEA must be filed within 90 days of receiving a right-to-sue notice from the EEOC. 29 U.S.C. § 626(e).

The Charge of Discrimination filed by Ali with the EEOC does not allege that he suffered discrimination based on age. Huibonhoa Decl. Ex. 1, Dkt. 13-2. Plaintiff does not dispute such omission. Opp'n at 6-7. Rather, he appears to suggest that his claims for discrimination based on race, national origin and religion are sufficiently related to age discrimination for purposes of exhaustion. A court may hear claims even if they are not included in the EEOC charge if an "EEOC investigation would have encompassed the additional charges." Green v. Los Angeles Cty. Superintendent of Sch., 883 F.2d 1472, 1476 (9th Cir. 1989). In that regard, the "crucial" element of the charge "is the factual statement contained therein." B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1100 (9th Cir. 2002).

Here, Plaintiff's EEOC charge alleged that Cisco's hiring staff is comprised of "South Indian or Indian" persons who only hire other South Indians or Indians. Dkt. 13-2 at 7. There is no mention of Plaintiff's age nor any claim that Cisco's failure to hire

---

[5] "[W]hen the state where the [discriminatory] act occurred has its own age discrimination law and its own enforcement agency—a so-called 'deferral state'—the ADEA extends the time to 300 days." Sanchez v. Pac. Powder Co., 147 F.3d 1097, 1099 (9th Cir. 1998). California is a deferral state under a worksharing agreement between the EEOC and California's DFEH. See Stiefel v. Bechtel Corp., 624 F.3d 1240, 1244 (9th Cir. 2010). Thus, for purposes of this action, the applicable deadline to file an administrative charge is 300 days.

Plaintiff was on account of his age. In view of the limited and specific nature of the discrimination allegations set forth in Plaintiff's EEOC charge—which are focused solely on race and national origin discrimination—the EEOC's investigation into those claims would not logically have encompassed a claim of age discrimination. The Court thus finds that Plaintiff's EEOC charge is insufficient to satisfy the ADEA's exhaustion requirement.[6]

Moreover, Plaintiff cannot rectify this deficiency. Under the ADEA, the claimant must file an EEOC charge within 300 days of the discriminatory act, which in this case allegedly transpired on April 3, 2017. Since more than 300 days have elapsed since that date, it is now too late for Plaintiff to file an EEOC complaint based on age discrimination. Plaintiff's second claim for age discrimination is therefore dismissed without leave to amend.

### B. TITLE VII CLAIMS

Title VII provides that employers may not "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). Before filing a Title VII suit, the plaintiff must exhaust his or her administrative remedies by filing an administrative charge with the EEOC. Id. § 2000e-5(e). Upon receiving a right to sue letter, the plaintiff has ninety days to file suit. Id. § 2000e-16(c). "A claim is time barred if it is not filed within [this] limit." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002).

Here, the EEOC issued its right to sue letter on June 29, 2017. In this Circuit, a plaintiff is presumed to have received a right to sue letter three days after mailing. Payan v. Aramark Mgmt. Servs. Ltd. P'ship, 495 F.3d 1119, 1125 (9th Cir. 2007). Plaintiff thus had

---

[6] But even if the EEOC's right to sue letter issued on June 29, 2017 were deemed to encompass Plaintiff's claim under the ADEA, the fact that Plaintiff filed suit more a year later, on July 27, 2018, renders the claim untimely. See 29 U.S.C. § 626(e) (requiring that any claim under the ADEA must be filed within 90 days of receipt of a right to sue letter); O'Donnell v. Vencor Inc., 466 F.3d 1104, 1111 (9th Cir. 2006) (per curiam) (Title VII and ADEA claims were untimely because complaint was filed more than 90 days after EEOC's issuance of right-to-sue letter).

until October 2, 2017, to file suit—but did not do so until May 31, 2018. Accordingly, Plaintiff's Title VII claims, which are set forth in his third, fourth and fifth claims, are time-barred. Because no amendment would cure said deficiency, these claims are dismissed without leave to amend.

### C. REMAINING STATE LAW CLAIMS

All of Plaintiff's remaining claims are predicated upon California state law. A district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010). "'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.'" Sanford, 625 F.3d at 561 (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)).

Having now dismissed all federal claims alleged against Cisco, the Court declines to assert supplemental jurisdiction over Plaintiff's remaining claims. See City of Colton v. Am. Promotional Events, Inc.-West, 614 F.3d 998, 1008 (9th Cir. 2010) (holding that district court acted within its discretion in declining to exercise supplemental jurisdiction after granting summary judgment on all federal claims). Since the state law claims are before the Court by way of removal, remand is more appropriate than dismissal. Carnegie-Mellon Univ., 484 U.S. at 351 ("This Court's crafting of the pendent jurisdiction doctrine … strongly supports the conclusion that when a district court may relinquish jurisdiction over a removed case involving pendent claims, the court has discretion to remand the case to state court."); see also Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("it is generally preferable for a district court to remand remaining pendent claims to state court . . . .").

//

//

## IV. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Defendant's motion to dismiss is GRANTED as to Plaintiff's second claim for age discrimination under the ADEA, third claim for national origin discrimination under Title VII, fourth claim for race discrimination under Title VII and fifth claim for religious discrimination under Title VII.

2. The Court declines to assert supplemental jurisdiction over the remaining state law causes of action.

3. In view of the aforementioned rulings, Cisco's motion to strike is DENIED as moot, and the motion to dismiss is DENIED as moot as to Plaintiff's state law claims.

4. The Clerk shall REMAND this action to the Santa Clara County Superior Court forthwith.

IT IS SO ORDERED.

Dated: 02/13/19

SAUNDRA BROWN ARMSTRONG
Senior United States District Judge